DARCY v. NORTH ATLANTIC & GULF S. S. CO., Inc.

Civ. A. 5987.

District Court, E. D. Pennsylvania.

July 16, 1948.

Abraham E. Freedman (of Freedman, Landy & Lorry), of Philadelphia, Pa., for plaintiff.

Joseph W. Henderson (of Rawle & Henderson), of Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Plaintiff, a merchant seaman, brought this suit to recover damages from the defendant as operator of the S. S. Abner Nash, for personal injuries, false imprisonment, earned wages wrongfully withheld, and maintenance and cure, as a result of certain incidents which occurred on board the vessel in a foreign port in June, 1943. The complaint was filed and served on June 1, 1946, alleging, inter alia, in paragraph three thereof, that "at all the times hereinafter mentioned, defendant possessed, operated and controlled the S/S 'Abner Nash'." [1] On July 10, 1946, defendant filed its answer admitting the allegations contained in said paragraph three of the complaint.[2]

On February 27, 1948, defendant filed its petition for leave to amend its answer which, as above indicated, was filed approximately one and one-half years prior thereto. The proposed amended answer contemplates the withdrawal of a portion of its previous admission, denies that it operated and controlled the S. S. Abner Nash, and avers that the defendant's relation to the vessel was under the terms of the standard form of General Agency Agreement, and that accordingly the Court lacks jurisdiction under the provisions of the Clarification Act, 50 U.S.C.A. Appendix, § 1291.

On the basis of the above recital of the pertinent portions of the pleadings, should the defendant be permitted to amend its answer to the complaint?

In its petition for leave to amend defendant frankly predicates its request on the opinion of this Court (Ganey, D. J.) in the case of Gaynor v. Agwilines, Inc., 76 F. Supp. 617, which, in effect, dismissed the action of a plaintiff seaman against a general agent for wages, maintenance and cure, and loss of personal effects, on the ground that the Clarification Act provided a new remedy for damages claimed by seamen employed on vessels through the War Shipping Administration during the war emergency and that the only remedy for such damages lay in an action against the United States under the terms of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

In support of its motion, defendant contends that its proposed amendment does nothing more than set forth additional legal reasons for its defense of the action and that the same should be allowed under Federal Rules of Civil Procedure, rule 15(a), 28 U.S.C.A. following section 723c. It further contends that the clause in the rule, "and leave shall be freely given when

---

[1] Paragraph 3 of the complaint,

"(3) Upon information and belief plaintiff avers that at all the times hereinafter mentioned, defendant possessed, operated and controlled the S/S 'Abner Nash' in coastwise, intercoastal and foreign commerce."

[2] Pertinent portion of answer,

"Defendant admits the allegations contained in paragraphs 1, 2, 3 and 4 of the complaint; * * *"

justice so requires," has been uniformly applied by the courts as an injunction of liberality.

Plaintiff, on the contrary, contends that defendant had full knowledge of the facts at the time the original answer was filed; that defendant's long delay in seeking to amend its answer is patently not due to oversight, inadvertence or excusable neglect; and that because of the practice adopted by this Court to refuse to list any seaman's actions involving the defense of General Agency on the trial list until final determination of the status of this defense by the appellate court, plaintiff would be prejudiced if the motion is allowed.

The general proposition, that amendments while in effect alternative to the allegations set forth in the original answer and consequently inconsistent therewith are permissible under Rule 8(e) (2) of the Rules of Civil Procedure, is sound. However, the question posed here is not one that can be lightly brushed off on a cold and literal application of the rule referred to. We are aware of the Court's responsibility under the circumstances and of the injunction of liberality when justice requires. By that same token, however, the granting or denial of leave to amend an answer does rest within the sound discretion of the Court.[3]

In its original answer defendant admits that it operated and controlled the ship in question, while in its proposed amended answer it denies that it operated and controlled the ship. More than nineteen months elapsed between the time of the filing of the original answer and the petition to amend. Defendant does not claim that it did not have full knowledge of the facts at the time the original answer was filed, nor that its delay in seeking to amend was due to oversight, inadvertence or excusable neglect. In my judgment the proposed amendment goes far beyond the great liberality afforded by the rule, which, incidentally, does not mean that amendments will be allowed regardless of the diligence of a party.[4]

This defendant has not been reasonably diligent and the rights of the plaintiff would be unduly prejudiced and the trial of the issues unduly delayed if the amendment was allowed.

Motion to amend answer is denied.

---

[3] Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40.

[4] Rupe v. Associated Electric Co., D.C., 6 F.R.D. 309.