The **WASHINGTON PROFESSIONAL BASKETBALL CORPORATION, Inc.,** Plaintiff,

v.

The **NATIONAL BASKETBALL ASSOCIATION,** an unincorporated association, Maurice Podoloff, President and Treasurer, National Basketball Association, Boston Celtics Basketball Club, Inc., et al., Defendants.

United States District Court
S. D. New York.
Dec. 11, 1956.

Simpson, Thacher & Bartlett, New York City, for defendants National Basketball Ass'n, Maurice Podoloff, Boston Celtics Basketball Club, Inc., Zollner Machine Works, Inc., Minneapolis Basketball, Inc., Madison Square Garden Corp., and Syracuse Professional Basketball Club, Inc.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff.

SUGARMAN, District Judge.

■ The business of professional basketball, as conducted by The National Basketball League and its constituent teams on a multistate basis, coupled with the sale of rights to televise and broadcast the games for interstate transmission, is trade or commerce among the several States within the meaning of the Sherman Act,[1] 15 U.S.C.A. § 1 et seq. The allegations of the complaint which, on these motions to dismiss must be deemed true, that plaintiff was denied participation therein by the defendants' alleged illegal conspiracy, states a claim upon which relief can be granted.

■ Plaintiff has standing to sue. Even though it never actually owned a playing team, the complaint alleges, which must on this motion be accepted as true, that plaintiff did everything required of it to acquire the remnants of the defunct Baltimore Bullets and was prevented from completing that acquisition solely by the defendants' alleged illegal conspiracy complained of. The denial of a temporary injunction in a prior suit[2] was based on "a very definite issue of fact as to whether, in fact, any binding contract was ever entered into" and "the absence of evidentiary proof that such contract was entered into" in the light of the defendants' denial there "that any such contract was entered into". That decision did not hold for all purposes that plaintiff was not a party aggrieved under the anti-trust laws.

■ The complaint seeks damages on a cause of action for an alleged illegal interference by defendants with plaintiff's claimed right to engage in the professional basketball business upon several grounds: federal anti-trust statute; common law tort; unlawful interference with a contract between plaintiff and another. Thus the case is one wherein this court has the right to decide all questions in the case even though it might ultimately decide the federal question adversely to the plaintiff.[3]

Motions by defendants National Basketball Association, Podoloff, Madison Square Garden Corp., Inc. and Syracuse Professional Basketball Club, Inc. to dismiss the first claim and by defendants Boston Celtics Basketball Club, Inc., Zollner Machine Works, Inc. and Minneapolis Basketball, Inc. to dismiss the complaint are severally denied.

It is so ordered.

1. United States v. International Boxing Club, 348 U.S. 236, 75 S.Ct. 259, 99 L. Ed. 290.

2. Washington Professional Basketball Corporation v. National Basketball Ass'n, D.C.S.D.N.Y., 131 F.Supp. 596.

3. Strachman v. Palmer, 1 Cir., 177 F.2d 427.