318

**PORTSMOUTH BASEBALL CORPORA-
TION, a corporation of Virginia,
Plaintiff,**

**v.**

**Ford C. FRICK, Commissioner of Base-
ball, et al., Defendants.**

United States District Court
S. D. New York.
Feb. 11, 1958.

See also, D.C., 19 F.R.D. 195.

Garey & Garey, New York City, by Sol
I. Sokolsky, New York City, of counsel,
for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, New York City, by Mark F. Hughes, New York City, of counsel, for defendants.

EDELSTEIN, District Judge.

Plaintiff has moved to amend its complaint by leave of court, under Rule 15 (a), Federal Rules of Civil Procedure, 28 U.S.C.A., to join a claim for violation of the antitrust laws to the originally asserted claim for breach of contract, Rule 18(a). Plaintiff is the owner of a franchise to operate a minor league baseball club in Portsmouth, Virginia, and the nineteen defendants are the Commissioner of Baseball, the American League of Professional Baseball Clubs and its eight constituent clubs, and the National League of Professional Baseball Clubs and its eight constituent clubs. The cause of action alleged in the complaint is a violation of contract by the defendants, appropriating and playing major league baseball within the franchise territory of the plaintiff by means of broadcasting and telecasting major league games into the plaintiff's territory. The cause of action sought to be added by amendment alleges that the defendants have conspired to restrain commerce in radio and television broadcasting and have monopolized that commerce, in violation of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, 15 U.S.C. A. §§ 1, 2. The defendants vigorously oppose the motion to amend.

The complaint in this case was filed on November 22, 1954. Answers were served, preliminary motions were made and decided, and both sides completed pre-trial discovery. On April 22, 1957, the plaintiff, in accordance with Calendar Rule 5 of this court, served a note of issue accompanied by a notice of readiness stating that "the case is in all respects ready for trial." The case was put on the ready calendar and called up in Part I for assignment to trial. However, at that time the judge sitting in the calendar part was informed that the plaintiff intended to move for leave to amend and an adjournment was granted. Approximately seven and a half months after the filing of the note of issue, the motion to amend was made.

■ That federal courts have consistently tended toward increasing liberality in allowing the amendment of pleadings is a point which can only be belabored by discussion. See International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561; Helene Curtis Industries v. Sales Affiliates, D.C., 105 F.Supp. 886, 900; 3 Moore's Federal Practice (2d ed.) par. 15.08. But the issue nevertheless remains within the sound discretion of the court in the interest of the requirements of justice. Where there has been an unreasonable delay in amendment by the plaintiff to the prejudice of the defendant, a refusal to permit amendment is warranted. Wheeler v. West India S.S. Co., 2 Cir., 205 F.2d 354.

■ Among the reasons assigned for the present attempt to amend are certain "recent judicial decisions": Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (decided Feb. 25, 1957); Washington Professional Basketball Corp. v. National Basketball Association, D.C., 147 F.Supp. 154 (decided Dec. 11, 1956); and United States v. International Boxing Club, D.C., 150 F.Supp. 397 (decided March 8, 1957). While I express no opinion on the possible significance of these cases in relation to the cause of action sought to be asserted by amendment, plaintiff has set forth no basis for its argumenut that they have so affected the legal situation as to justify its belated attempt to amend. The discussion in Radovich of "other segments of the entertainment business", 353 U.S. at page 451, 77 S.Ct. at page 394, was merely a quotation from United States v. International Boxing Club, 348 U.S. 236, 242, 75 S.Ct. 259, 99 L.Ed. 290, decided January 31, 1955, about two months after the complaint was filed in this case and more than two years before the filing of the note of issue. Recent

events cited to constitute a "clean slate" within the Radovich opinion, 352 U.S. at page 452, 77 S.Ct. at page 394, are the removal of two major league teams from New York to California. Even if the argument carries weight, there have been several similar moves in earlier years. The Washington Professional Basketball and International Boxing Club district court cases cited, supra, were decided in reliance on the earlier Supreme Court decision in United States v. International Boxing Club, supra. Whatever the significance of the district court decisions, there has been no allegation whatever of how they newly affected the specific problem of conspiracy to restrain and monopolization of commerce in the televising and radio broadcasting of baseball games. And in any event, there can be no doubt that the plaintiff was thoroughly familiar with these cases at the time it filed its note of issue and statement that "[i]n the opinion of counsel for plaintiff, the case is in all respects ready for trial."

[3] The plaintiff further asserts in justification for its motion to amend that the facts upon which the new cause of action is based are essentially the same as those upon which the existing cause of action is based. Certainly both are based upon the facts of the radio and television broadcasting of major league games, but the scope, significance and ramifications of the proposed cause of action for violation of the antitrust laws vastly expand the ground to be covered by a claim for violation of contract. The defendants reasonably complain that at this late date, on the eve of trial, they would be put to the task of further answer, further pre-trial motions and discovery, further preparation and further expense. In my opinion, this is not a situation where the proposed amendment adds little to the claim as originally stated, so that the defendants, having from the beginning had notice of the general nature of the claim asserted, would not be prejudiced. See Hirshhorn v. Mine Safety Appliances, D.C., 101 F.Supp. 549. Rather this is a situation where the plaintiff has

long been aware of the basis of its proposed claim but has delayed making it until after the case was ready to be assigned out for trial, to the prejudice of the defendants and in derogation of their right to a just, inexpensive and speedy trial. See Redmond v. O'Sullivan Rubber Co., D.C., 10 F.R.D. 536; Darcy v. North Atlantic & Gulf S.S. Co., D.C., 78 F.Supp. 662; Kuris v. Pepper Poultry Co., D.C., 2 F.R.D. 361; Hessian Hills Corporation v. Union Cent. Life Ins. Co., D.C., 1 F.R.D. 743.

Accordingly, the motion to amend will be denied.