**JOSEPH BANCROFT & SONS COMPANY, Plaintiff,**

v.

**M. LOWENSTEIN & SONS, INC., Defendant.**

**Civ. A. No. 3581.**

United States District Court
D. Delaware.
Jan. 2, 1969.

James M. Tunnell, Jr., Walter L. Pepperman, II, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff; Thomas M. Marshall, Kenneth E. Madsen, William J. Ungvorsky, Arthur D. Gray, Kenyon & Kenyon, New York City, of counsel.

C. Walter Mortenson, Mortenson & Weigel, Wilmington, Del., for defendant; Robert B. Frailey, Stuart S. Bowie, Paul & Paul, Philadelphia, Pa., and Bernard Rapoport, Howard Schwartzberg, New York City, of counsel.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

This is an action for royalties due under patent license agreements between plaintiff, Joseph Bancroft & Sons Company and defendant, M. Lowenstein & Sons, Inc. Suit was brought on February 27, 1968 in the Delaware Court of Chancery; the case was removed to this Court on July 19, 1968. Jurisdiction is based on 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1441 (removal of actions). Two motions by defendant to amend the pleadings and plaintiff's objections to certain interrogatories are now before the Court.

Defendant's first motion is for leave to substitute four counterclaims for the single counterclaim presently filed. The first new counterclaim alleges violations of the Sherman and Clayton Acts; the second alleges illegality of the license agreements by reason of patent misuse; the third alleges price discrimination under the Clayton Act; and the fourth—an expansion of the one original counterclaim—alleges breach of the "most favored nations" clauses of the licenses. The three wholly new claims are federal causes of action which could not have been raised prior to removal of this action.

Plaintiff does not challenge defendant's right to pursue these causes of action. Rather, plaintiff argues that defendant should not be allowed to tack them onto this action as counterclaims because doing so would turn a "simple contract action" into a burdensome and complex anti-trust action and unduly prejudice plaintiff's cause of action.

Federal Rule 15(a) directs that leave to amend "shall be freely given when justice so requires." While this Court does have the power to deny leave to amend a pleading where undue prejudice to the opposing party would result, see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), exercise of that power is not warranted in this case. This is not a situation where a party has postponed its motion to amend until the eve of trial, see Suehle v. Markem Machine Company, 38 F.R.D. 69 (E.D.Pa.1965); Portsmouth Baseball Corporation v. Frick, 21 F.R.D. 318 (S.D.N.Y.1958). Nor is this a case where addition of the counterclaims will unduly increase the burden of discovery. Indeed, three of the four counterclaims— The First, Second, and Fourth[1]—are also raised in substance in the Answer as defenses.[2] Plaintiff does not ask the Court to strike the defenses and the Court is not disposed to strike them on its own motion. Accordingly, denial of the motion to amend would not significantly affect the discovery required in this case.

Plaintiff, in addition to claiming undue prejudice, advances the notion that defendant should be permitted to amend only upon showing a prima facie case under its new counterclaims. This contention is based on the legitimate theory that a court should approach with cau-

---

1. The Third Counterclaim is closely related to the Fourth and hence does not present a serious discovery problem by itself.

2. The anti-trust claim is raised in ¶¶ 18, 19 of the Answer; the misuse claim in ¶¶ 15, 16; the "most favored nations" claim in ¶¶ 22, 23.

tion amendments which will unduly complicate an action. But, again, in light of the complications posed by the proper defenses raised in the Answer, this Court cannot conclude that defendant's amendment poses a threat to preparation of this action which would warrant such unusual relief.

■ Accordingly, leave is granted to defendant to amend its pleading to advance four counterclaims instead of one. Plaintiff's request that, in the event of the relief granted, all counterclaims be severed from the main action for purposes of discovery and trial is denied. In view, again, of the similarity between counterclaims and defenses, severance would only serve to duplicate work.

■ Defendant next moves to expand ¶ 20 of its Answer so as to amplify its defense that one underlying patent (PVA patent) is invalid. Plaintiff contests defendant's right to so amend and move to strike ¶ 20 in its entirety on the ground that, in a suit on a patent license, the licensee is estopped from attacking the validity of the underlying patent.

■ This Court agrees with plaintiff that invalidity of the patent is no defense in a suit on a license. Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 836, 70 S.Ct. 894, 94 L.Ed. 1312 (1950).[3] Accordingly, ¶ 20 is stricken from the Answer.

■ For some reason, plaintiff does not carry its motion to strike be-

yond ¶ 20, notwithstanding the fact that ¶¶ 17, 21 raise either the same or substantially similar defenses.[4] In view of its ruling on ¶ 20, the Court will also strike ¶¶ 17, 21 on its own motion pursuant to Federal Rule 12(f).[5]

Finally, plaintiff objects to certain of defendant's interrogatories relating to the similarities between the two patents involved and the applications leading to those patents.[6] Plaintiff argues that it should not be required to supply the requested information because, first, defendant has copies of all applications and patents and can make its own comparisons and, secondly, because the interrogatories in dispute ultimately aim at the impermissible defense of invalidity.

■ The Court cannot agree with plaintiff's position. Admittedly one function of the challenged interrogatories is establishment of patent invalidity and fraud in the Patent Office. Those defenses are no longer in this suit. However, the interrogatories have a second, legitimate function which still has relevance, namely, the establishment of information relevant to the existence of the licenses in suit, their validity, and their scope. See "Defendant's Memorandum Re Plaintiff's Objections to Defendant's Interrogatories 41, 54–56 and 62–8." The fact that defendant has copies of all patents and applications in issue is not sufficient reason to sustain plaintiff's objections. Plaintiff has

3. The Supreme Court notes in Hazeltine that:
"The general principle of the invalidity of price-fixing agreements may be invoked by the licensee of what purport to be valid patents to show in a suit for royalties that the patents are invalid." 339 U.S. at 836, 70 S.Ct. at 899.
Thus the Court distinguished between invalidity on antitrust grounds and invalidity on other grounds, the latter being the impermissible defense in a suit for royalties. ¶ 20 of the Answer in question here raises this latter, impermissible defense.
This Court notes that the issue of patent licensee estoppel is once again before

the Supreme Court in Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610.

4. ¶ 21 raises the defense of invalidity of the second (R–1) patent. ¶ 17 raises the defense of procurement of one patent (PVA) via fraud in the Patent Office.

5. There having been no argument relative to the propriety of the defenses raised in these two paragraphs, the Court would be receptive to presentation of evidence by timely motion to reargue as to why these paragraphs should not have been stricken.

6. Interrogatories 41, 54–56 and 62–68.

alleged that its two patents are derived in whole or in part from prior applications; defendant questions the link and asks that plaintiff support its allegations by specific references. Defendant is entitled to these specific references and, accordingly, plaintiff's objections are overruled.

Submit order in accordance herewith.