**Florence JONES, Administratrix of the Estate of Purnell Jones, Deceased**

v.

**AMBLER QUARRY, INC., and Township of Upper Dublin, Pennsylvania**

v.

**Dorothy ARMSTEAD.**

**Civ. A. No. 73–1883.**

United States District Court, E. D. Pennsylvania.

Oct. 15, 1974.

Mark Braverman, Philadelphia, Pa., for plaintiff.

Edward J. Marcantonio, Philadelphia, Pa., for Ambler Quarry.

J. Paul Erwin, Jr., Philadelphia, Pa., for Twp. of Upper Dublin.

## MEMORANDUM

GORBEY, District Judge.

Defendant Ambler Quarry, Inc. has filed a motion to amend its answer to the complaint.

In its answer to the complaint, defendant Ambler Quarry, Inc. admitted ownership and control of the premises in question. This answer was filed on September 6, 1973. Defendant Ambler Quarry asserts that it was not until a deposition held on September 11, 1974, that it learned that the premises in question may have been leased by it to a third party. Consequently they are now attempting to amend their answer to deny possession and control of the premises in question. In its motion, Ambler Quarry does not state whose deposition was being taken or why this information was unknown to them until this deposition.

Amendments to pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides in pertinent part as follows: ". . . a party may amend his pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Ambler Quarry asserts that justice requires that this amendment be allowed.

The plaintiff vigorously opposes such amendment, claiming that she would be seriously prejudiced if such amendment is allowed. This prejudice results from the fact that according to plaintiff the mainstay of her claim, in terms of economic recovery, is under the Wrongful Death Act for which the one year statute of limitations ran in November, of 1973. Thus if the amendment to the complaint is allowed, plaintiff will be denied the opportunity to assert the wrongful death claim against the party who was in possession and control of the premises in question at the time of the incident involved in this law suit.

In discussing the standards for granting amendments, Professor Moore states:

"Recognizing that the entire spirit of the rules is to the effect that controversy shall be decided on the merits, the courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, when the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be under undue prejudice, and the trial on the issues will not be unduly delayed."

3 Moore's Federal Practice, ¶ 15.08 [2].

In the situation presently before this court it is obvious that the plaintiff will be greatly prejudiced by the requested amendment.

We cannot conceive of any reason why the defendant Ambler Quarry would not know the status of the premises which it owned, at or about the time it answered the complaint. There is no explanation in its motion for leave to amend its answer as to why it did not know that the premises in question may have been leased to a third party. Quite frankly we cannot envision how even a cursory review of its situation with respect to this property would not have disclosed such a situation. Certainly before filing an answer to a complaint, a party must have some duty to determine what its position is. Also there is not an explanation as to why it took more than a year after its answer was filed to make such a discovery.

Amendments to pleadings have been denied when not timely filed or when delay of the trial will result. *See* Klee v. Pittsburgh & West Virginia Railway Co., 22 F.R.D. 252 (W.D.Pa.1958); Gaylord Shops, Inc. v. South Hills Shoppers' City, Inc., 33 F.R.D. 303 (W.D. Pa.1963); Portsmouth Baseball Corp. v. Frick, 21 F.R.D. 318 (S.D.N.Y.1958). In the Klee case, defendant had admitted in its original answer that diversity of citizenship existed, and then after waiting almost 2 years, it sought to amend its answer to deny diversity at a time when the statute of limitations on plaintiff's claim would run in four days. Thus leaving plaintiff with virtually no opportunity to file its suit in the state court. This is similar to the case at bar where the statute of limitations has already run on a major portion of plaintiff's claim.

In the case of Darcy v. North Atlantic & Gulf S.S. Co., Inc., 78 F.Supp. 662 (E.D.Pa.1948), the defendant was denied leave to amend its answer. In that case the plaintiff had filed a complaint on June 1, 1946. On July 10, 1946, defendant filed its answer admitting that at all times relevant defendant possessed, operated and controlled the vessel in question. On February 27, 1948, the defendant filed a petition for leave to amend its answer in order to deny that it operated and controlled the vessel in question. The court found that if the amendment were allowed, there would be a question as to what the proper remedy for the plaintiff's action would be and there was a possibility under developing case law at the time that the plaintiff's claim could be dismissed. In denying the motion to amend, the court stated at page 664:

"This defendant has not been reasonably diligent and the rights of the plaintiff would be unduly prejudiced and the trial of the issues unduly delayed if the amendment were allowed."

In the case at bar there is no question as to the law. The statute has run on the plaintiff's wrongful death claim against any third parties who may have been in possession and control of the premises in question. To allow the defendants to benefit by its own lack of diligence in determining its situation with respect to this law suit would be a gross miscarriage of justice. While there is no evidence of bad faith on the part of the defendant Ambler Quarry in this case, allowing it to amend its answer in this current situation would set a precedent which could encourage defendants in general to use tactics which could effectively wipe out the rights of plaintiffs. The Federal Rules of Civil Procedure were not designed to achieve this result.

Accordingly, the motion of defendant Ambler Quarry, Inc. to amend its answer will be denied.