CONSORCIO CONSTRUCTOR IMPRE-GILO–C. R. Almeida and Impresit-Girola–Lodigiani (Impregilo–S.P.A.)

v.

MACK TRUCKS, INC. and Mack Trucks Worldwide, Ltd.

v.

ATLAS HOIST AND BODY, INC.

Civ. A. No. 77–3631.

United States District Court, E. D. Pennsylvania.

Sept. 30, 1980.

William Hudders, Allentown, Pa., Robert A. Watt, Washington, D.C., for plaintiffs.

Thomas N. O'Neill, Jr., Philadelphia, Pa., for Mack Trucks.

Larrick B. Stapleton, Philadelphia, Pa., for Atlas Hoist.

## MEMORANDUM

TROUTMAN, District Judge.

Negotiations for the purchase of numerous trucks and bottom dumpers commenced between the parties to this litigation in November 1972 in Milan, Italy. Representatives of plaintiffs[1] met with defendants[2] and reportedly informed them that they, plaintiffs, needed trucks and bottom dumpers to perform earth moving and excavation work under a potential contract amounting to well over one hundred million dollars between Impregilo and Centrais Electricas de Minas Gerais S.A. (CEMIG) for the construction of one of the largest dams ever built in South America. Defendants allegedly represented to plaintiffs that the machinery met all specifications for the work. When Impregilo received the contract award, the parties consummated the agreement of sale for the machinery. Upon delivery of the trucks to the project site in San Simao, Brazil, Impregilo allegedly experienced numerous breakdowns and difficulties attributable to failing front and rear differentials, piston deterioration and air compressor insufficiencies. Consequently, Impregilo could not use the trucks and bottom dumpers for the intended purposes and incurred additional costs occasioned thereby in order to meet its contractual obligations

---

[1]. Plaintiff Consorcio Constructor Impregilo (Impregilo) is a Brazilian corporation; plaintiff Impresit -Girola–Lodigiani (Impregilo SPA) is an Italian corporation.

[2]. Defendant Mack Trucks, Inc., is a Pennsylvania corporation; defendant Mack Trucks Worldwide, Ltd., is a Bermuda corporation.

to CEMIG. To recover damages for breach of contract and warranties, plaintiffs instituted this action in October 1977.

Subsequently, the parties engaged in pre–trial discovery. In March 1980 defendant filed a motion to compel production of documents and answers to interrogatories. Specifically, defendant sought a document entitled the "documentation of the Mack claim"[3] compiled by Impregilo and submitted to Impregilo SPA in Milan and to plaintiffs' counsel in Washington, D.C. In addition, defendants requested production of communications in which plaintiffs discussed particular aspects of the preparation of Item Four.[4] The Court referred the matter to the magistrate, who, after hearing argument, issued an order dated March 14, 1980, granting defendants' motion as to Items Five, Six and Seven and denying it as to Item Four. On August 1, 1980, plaintiffs filed a motion to reverse the magistrate's discovery order. For all intents and purposes this motion, in fact, constitutes an appeal, which defendants attack preliminarily as untimely.

■ In pertinent part, the Federal Magistrates Act of 1968, as amended, 28 U.S.C. § 636(b)(1), provides that

> a judge may designate a magistrate to hear and determine any pretrial matter pending before the court ... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
>
> *Within ten days* after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations *as provided by rules of court.*

(emphasis added). At the time the magistrate issued his order E.D.Pa.R. 46(b)(5)(a) permitted magistrates to determine discovery motions "subject to the right of appeal to the assigned Judge within ten days". On August 1, 1980, the date on which defendants filed this appeal, a superseding local rule of civil procedure became effective. The new rule, 7(IV)(a), affords any party the right to appeal a matter submitted to the magistrate "within ten days after issuance of the magistrate's order, unless a different time is prescribed by the magistrate or a judge". Whether the new rule operates retroactively will not be an issue. Viewed within the context of § 636(b), the new rule, more broadly phrased than the old one, neither anticipates nor permits, absent extraordinary circumstances, *nunc pro tunc* extensions of time in which to file an appeal.

■ Although the statute does not specifically allow a party to petition the court for an extension of time in which to file written objections to magistrates' rulings, certainly the court has the power, if not the duty, to review magistrates' rulings independently and carefully, irrespective of timely objections raised by the parties. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976) and *Webb v. Califano*, 468 F.Supp. 825 (E.D.Cal.1979).[5] However, where a dissatisfied party fails to file timely objections, the court need not entertain the appeal, for the ten–day period provided by § 636(b)(1) forms a maximum, not a minimum, framework. *United States v. Barney*, 568 F.2d 134 (9th Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978).

---

3. The parties have denominated this request as "Item Four".

4. The parties have denominated these requests as "Item Five", "Six", and "Seven", respectively.

5. *See also* Sen.Rep.No. 371, 90th Cong., 1st Sess., 12 (1967) (magistrates act "under the *supervision of district judges*") *and Hearings on the Federal Magistrates Act before Subcommittee No. 4 of the House Committee on the* Judiciary, 90th Cong., 2d Sess., 73 (1968) (district judges "retain ultimate decision making"). *Accord, United States v. First National Bank of Rush Springs*, 576 F.2d 852 (10th Cir. 1978), *Kendall v. Davis*, 569 F.2d 1330 (5th Cir. 1978), *Bruno v. Hamilton*, 521 F.2d 114 (8th Cir. 1975), *Campbell v. United States District Court for the Northern District of California*, 501 F.2d 196 (9th Cir. 1974), *O'Shea v. United States*, 491 F.2d 774 (1st Cir. 1974) *and TPO, Inc. v. McMillen*, 460 F.2d 348 (7th Cir. 1972).

 Moreover, E.D.Pa.R. 7(IV)(a)'s language—"unless a different time is prescribed by the magistrate or judge"—clearly indicates that extensions are to be requested prior to expiration of the ten–day period. The word "prescribe" surely suggests an action *in the future*, not the past. Furthermore, where the magistrate's ruling is non-dispositive, allowing appeal almost five months after entry thereof undermines the certainty and expedition which filing deadlines serve. To allow dissatisfied parties who could have petitioned the court within the ten–day period to file the appeal invites unnecessary and possibly arbitrary and prejudicial delay.

In *In re Scheid's, Inc.*, 342 F.Supp. 290, 291 (E.D.Pa.1972), the court held that the ten–day period for filing petitions for review of a referee's order under the former Bankruptcy Act of 1898, 11 U.S.C. § 67(c), was mandatory and inelastic, thus precluding any discretion on the part of the Court to consider petitions filed after the ten–day period [had] expired".

More recently, in *Bank Building & Equipment Corp. of America v. Mack Local 677 Federal Credit Union*, 87 F.R.D. 553 (E.D.Pa.1980), the plaintiff failed to demand a trial by jury within ten days after the service of the last pleading directed to that issue. *See* Fed.R.Civ.P. 38(b). Having failed to demand a jury trial within ten days after replying to defendant's counterclaim, plaintiff had waived the right, which the court had the power and discretion to revive if the moving party had proffered an adequate and proper reason for untimely application therefor. However,

> mere inadvertence, oversight, or lack of diligence [did] not justify the omission or abrogate the waiver. Nor [did] unfamiliarity with or misinterpretation of rules excuse compliance with procedural requirements.

*Id.* at 555 (citations omitted).

 Plaintiff attributes the delay in the case at bar to its desire to ascertain whether compliance with the magistrate's ruling, which it still considers erroneous, would entail undue time and expense. Notwithstanding plaintiff's commendable desire to avoid evitable expenditure of valuable time and resources of both lawyers and judge, the fact remains that plaintiff could have petitioned the Court for an extension of time well within the ten–day period required by statute and local rule. As the Court observed in *Bank Building & Equipment Corp. of America v. Mack Local 677 Federal Credit Union*, at 555,

> [t]o sanction [plaintiff's] omission would invite disregard of procedural requirements in all of the Rules, cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation. Worse, the Rules' articulated purpose of securing the "just, speedy and inexpensive determination of every action" would be reduced to an empyrean principle with no practical meaning. See Fed.R.Civ.P. 1. Avoiding this undesirable result and encouraging familiarity with federal procedure so that all litigants receive prompt and full consideration impels the conclusion that

plaintiff's appeal must be denied as untimely, particularly since plaintiff has failed to allege that the magistrate's order is clearly erroneous or contrary to law. *See Superior Coal Co. v. Ruhrkohle, A. G.*, 83 F.R.D. 414 (E.D.Pa.1979), *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980) and 28 U.S.C. § 636(b)(1).

Accordingly, plaintiffs' motion to reverse the magistrate's order of March 14, 1980, will be denied.