**UNITED STATES of America**

**v.**

**40.81 ACRES OF LAND, MORE OR LESS, SITUATE IN BERKS COUNTY, STATE OF PENNSYLVANIA and American Bank and Trust Company of Pennsylvania, Executor of the Estate of Irvin H. Hafer, et al.**

Civ. A. No. 77–4432.

United States District Court,
E. D. Pennsylvania.

Jan. 13, 1981.

Gary Tilles, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Alan I. Baskin, Reading, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Development of the Blue Marsh Lake Project in Berks County, Pennsylvania, required condemnation in this area of numerous tracts of land, including one owned by defendant, which now appeals a discovery order entered by a United States Magistrate and relating to the nature and extent of the taking itself. In the Declaration of Taking and complaint in condemnation the Government specified the public uses of the condemned land as

(those) necessary to provide for flood control in the Delaware River Basin *and for other uses incident thereto.* The said land has been selected by the United States for acquisition and use in connection with the establishment of the Blue

Marsh Lake Project, Pennsylvania, *and for such other uses as may be authorized by Congress or by Executive Order.*

Defendant demanded clarification of the italicized language through interrogatories, which requested the Government to

(s)tate with particularity ... what are "other uses incidental thereto" as used in the Complaint in Condemnation (and)

(s)tate with particularity .. the "such other uses as may be authorized by Congress or by Executive order" as set forth in the Complaint in Condemnation.

The Government responded to these inquiries as follows:

(T)his Condemnation action involves only the taking of a flowage easement .. and nothing else. A taking for any other use would involve a completely new Condemnation proceeding not involved in this case.

Since no other uses have been authorized by Congress or by Executive Order, ... (t)he only use authorized and involved in this proceeding is a flowage easement ... to occasionally flood the land covered by the easement at times of extremely severe flooding as previously defined.

Defendant then moved to compel fuller responses and indicated that the Government, on previous occasions, identified those uses as "recreation, navigation or irrigation". The Magistrate denied the motion and defendant appealed.

The nature and extent of interests acquired by formal condemnation through exercise of the power of eminent domain lie in the Government's discretion. *Berman v. Parker,* 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). Where the Government identifies those rights specifically and unambiguously a court may neither enhance nor diminish them. *United States v. 3,218.9 Acres of Land,* 619 F.2d 288 (3d Cir. 1980). The only inquiries properly remaining include whether the expressed use is, in fact, a public one, *Shoemaker v. United States,* 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893), and whether the condemnation results from bad faith or arbitrary and capricious motives. *United States v. Carmack,* 329 U.S. 230, 67 S.Ct.

252, 91 L.Ed. 209 (1946). In the case at bar defendant claims only that the quoted language in the Declaration of Taking lacks meaningful specificity. In *United States v. 64.88 Acres of Land,* 244 F.2d 534 (3d Cir. 1957), the Government subjected the condemnee's land to a "clearance easement", which the condemnee feared would impose on his property a greater servitude than actually asserted by the Government, which denied actual or imminent taking of any uses beyond the articulated ones in the Declaration of Taking. The court found the property description "clear and unambiguous" and intended only to assure that space above the condemnee's land would be unoccupied and unencumbered by visually obstructive devices above a designated altitude. Similarly, in the case at bar the Government has represented that it took a flowage easement "and nothing else" and that "(t)he only use authorized and involved in this proceeding is a flowage easement". If, in reality, the Government subjects the condemned property to uses not described in the Declaration of Taking and constituting an inverse condemnation, the landowner may bring suit against the Government for damages and just compensation. *United States v. Clarke,* 445 U.S. 253, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980), *United States v. 3,281.9 Acres, supra.* A possible future taking of property does not give rise to a present cause of action for damages. *United States v. 3,281.9 Acres, supra, United States v. 64.88 Acres of Land, supra.* To demand more in the instant proceeding raises a claim against the Government in a forum in which it has not consented to suit or waived its sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The Fifth Amendment demands that compensation to a condemnee be "just"; it does not require that distribution thereof be tailored to his convenience. *United States v. 564.54 Acres of Land,* 411 U.S. 506, 99 S.Ct. 1854, 60 L.Ed.2d 435 (1979), *United States v. Virginia Electric & Power Co.,* 365 U.S. 624, 81 S.Ct. 784, 5 L.Ed.2d 838 (1961).

A discovery order entered by a Magistrate may be reversed only upon a finding that the decision was clearly erroneous or contrary to law. *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292 (E.D.Pa.1980), *Superior Coal Co. v. Ruhrkohle, A. G.,* 83 F.R.D. 414 (E.D.Pa.1979). *See also* Federal Magistrates Act of 1968, as amended, 28 U.S.C. § 636(b)(1)(A). Defendant has neither alleged nor shown that the Magistrate violated either precept. *See Consorcio Constructor Impregilo v. Mack Trucks, Inc.,* 497 F.Supp. 591 (E.D.Pa.1980). Accordingly, the order of the Magistrate will be affirmed.