Jeffrey LANAHAN

v.

**KAWASAKI MOTORS CORP., U.S.A.**

v.

**UNITED STATES of America.**

**Civ. No. K–81–794.**

United States District Court,
D. Maryland.

Jan. 4, 1982.

---

Arthur M. Ahalt, and Goldstein, Ahalt & Bennett, Chartered, College Park, for plaintiff.

Michael Esher Yaggy and Carl F. Ameringer, Baltimore, Md., for defendant and third party plaintiff.

J. Frederick Motz, U. S. Atty., Catherine C. Blake, Asst. U. S. Atty., Baltimore, Md. and Martin J. Snider, and Steven R. Migdal, Annapolis, Md., for third party defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Chief Judge.

Plaintiff alleges that he was injured due to the fault of defendant Kawasaki Motors Corp., U.S.A. ("Kawasaki") during the course of a motorcycle race held at Camp A.P. Hill, Fredericksburg, Virginia. Originally filed in the Circuit Court for Prince George's County, Maryland, this action was appropriately removed to this Court by Kawasaki. Kawasaki has impleaded, pursuant to Federal Civil Rule 14, the United States of America.

Pending herein is the United States' Motion for Leave to File an Amended Answer (Doc. 28). On December 8, 1981, this Court entered an Order (Doc. 29) stating that that motion would be granted on December 18, 1981, without further order from the Court, unless cause was shown to the contrary on or before December 17, 1981. Kawasaki timely filed a response to that motion on December 17, 1981 (Doc. 30), setting forth its objection to amendment by the United States of the latter's answer to the extent the proposed amendments seek to deny any allegations in the third party complaint which the United States has previously admitted. As stated in paragraph 5 of that response, Kawasaki particularly objects to the denial in paragraph 5 of the United States' proposed Amended Answer that there exists a "lawful cause of action" under 28 U.S.C. §§ 2671, et seq., the Federal Tort Claims Act.[1]

Federal Civil Rule 15(a) provides that after a responsive pleading has been served, a party may amend his pleading only by obtaining leave of the court or with the consent of the adverse party. Subdivision (a) encourages the court to look favorably upon requests to amend, stating that "leave [to amend] shall be freely given when justice so requires." See 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1484, n.9 and cases cited therein (West 1971).

However, the liberal amendment policy prescribed by Rule 15(a) does not require that leave to amend be granted in all cases. See *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 22 (1962). One of the most important factors cited by the Court in that case and one of the most frequent reasons for denying leave to amend is that the opposing party will be prejudiced if the movant is allowed to alter his pleadings. *See, e.g., Davis v.*

---

1. The United States' original Answer to the third party complaint was filed on October 15, 1981 by counsel representing the American Home Assurance Company which seemingly had issued an insurance policy upon the application of the organizers of the motorcycle race. Seemingly also, that policy runs to the benefit of the United States. Apparently through some failure in communication, counsel for the insurance company filed the Answer without first forwarding it to the United States Attorney for review. The Assistant United States Attorney apprised the Court and all counsel of this situation by letter to the Court dated October 22, 1981, in which she asked the Court for permission to review and refile the Answer. By memorandum dated November 23, 1981, this Court suggested that the Assistant United States Attorney review the Answer in the Court File and seek leave to amend it if she found it necessary so to do.

*Piper Aircraft Corp.*, 615 F.2d 606, 612–614 (4th Cir. 1980).

Kawasaki asserts that to allow the United States to deny the allegation that a cause of action under the Federal Tort Claims Act exists against it, having previously admitted just such an allegation, would be unduly prejudicial. Kawasaki cites in support of its contention *Darcy v. North Atlantic and Gulf S.S. Co.*, 78 F.Supp. 662 (E.D.Pa.1948), in which the Court did disallow an amendment which sought to deny what once had been admitted. However, in that case, the defendant sought leave to amend its Answer more than one and one-half years after that Answer had been filed. The Court stated (at 664):

> In its original answer defendant admits that it operated and controlled the ship in question, while in its proposed amended answer it denies that it operated and controlled the ship. More than nineteen months elapsed between the time of the filing of the original answer and the petition to amend. Defendant does not claim that it did not have full knowledge of the facts at the time the original answer was filed, nor that its delay in seeking to amend was due to oversight, inadvertence or excusable neglect. In my judgment the proposed amendment goes far beyond the great liberality afforded by the rule, which, incidentally, does not mean that amendments will be allowed regardless of the diligence of a party.

(footnote omitted).

In the within case, on the other hand, the United States filed its motion to amend a little more than one month after the original Answer was filed. The filing of the original Answer apparently was occasioned by oversight, and all counsel were put on notice about the oversight one week after it occurred. Under those circumstances, Kawasaki would not appear to be prejudiced by the filing of the amended Answer.

For the reasons set forth herein, the Motion of the United States for Leave to File an Amended Answer is hereby granted.