Frank LONG and Grace Long, individually and as parents and natural guardians of Robyn Long and Matthew Long, minors

v.

Carol LIPKINS, et al.

Civ. A. No. 80–4138.

United States District Court, E.D. Pennsylvania.

Jan. 4, 1983.

W.C. Archbold, Jr., Media, Pa., Hugh M. Odza, Philadelphia, Pa., for plaintiff.

W.C. McGovern, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Motions pursuant to Fed.R.Civ.P. 15(a) are committed to a Court's sound discretion which should be generally exercised in favor of amendment. The breadth of judicial discretion is evidenced, in part, by the fact that courts which have considered the issue at bar have arrived at apparently conflicting conclusions.

In the exercise of our discretion we are guided by principles relied upon by other courts which have had the opportunity to consider the propriety of permitting a defendant to amend its answer and contest an issue previously admitted. Cases which have sanctioned a defendant's attempt to litigate a previously conceded issue have focused either upon defendant's prompt discovery of its mispleading, *Lanahan v. Kawasaki Motors Corp.,* 93 F.R.D. 397 (D.Md. 1982) or plaintiff's own culpability. *Jacobs v. McCloskey & Co.,* 40 F.R.D. 486, 488 (E.D.Pa.1966).

Cases which have denied similar motions have done so either because defendant sought to contest collateral matters, *Georgia Kraft Co. v. Terminal Transport Co., Inc.,* 343 F.Supp. 1240, 1244 (E.D.Pa.1972),

or, more frequently, because of the lapse of time between defendant's admission and the motion to amend. *Jones v. Ambler Quarry, Inc.,* 64 F.R.D. 696, 698 (E.D.Pa. 1974); *David v. Crompton & Knowles Corp.,* 58 F.R.D. 444, 447 (E.D.Pa.1973). Courts properly deny the motion where a substantial amount of time has elapsed between defendant's admission and the motion to amend its answer and litigate the previously conceded issue. *Waters v. Weyerhauser Mortgage Co.,* 582 F.2d 503, 507 (9th Cir. 1978).

In the case at bar, plaintiff's complaint, filed October 24, 1980, alleged that, at the time of the accident, the individual defendants were acting on behalf of the corporate defendants. Two months later defendants admitted this allegation. Thereafter, on February 27, 1981, plaintiff's amended complaint lodged similar allegations against the defendants. In its answer to the amended complaint defendants again admitted that the individuals were, at the time of the accident, acting on behalf of the corporate defendants. On November 30, 1982, thirty-six months after the date of the collision, twenty-four months after first admitting agency and nineteen months after the second admission of agency, defendants seek to amend their answer to deny any agency relationship between the individuals and the corporation.

 Defendants argue that notwithstanding their two admissions and the temporal hiatus between the admissions and their motion to amend, that the motion should be granted because they only recently discovered that the individual defendants were not acting as corporate agents at the time of the accident. Somewhat incredibly, defendants assert that the true facts regarding the lack of an agency relationship were only developed at their own depositions. In other words, defendants' motion should purportedly be granted because they only learned the facts of their own case when pressed by counsel at their own depositions. Mere articulation of this argument is sufficient to compel its rejection. In any case, prior to filing their answer defendants were "duty bound" to determine their position. *Jones v. Ambler Quality, Inc.,* 64 F.R.D. at 698. The apparent failure to do so on not one, but two, occasions, coupled with the unreasonable length of time between the admission(s) and discovery of the "true" facts, warrants denial of the motion.

Finally, denial of the motion does not infarct the liberal spirit of the federal rules which long ago jettisoned the notion that pleading is "a game of skill in which one misstep by counsel may be decisive to the outcome". *United States v. Hougham,* 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960), quoting, *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). In fact, one polestar which we have "consistently" followed and fostered is the liberal exercising of our discretion in favor of allowing amendments. *Roesberg v. Johns-Manville,* 89 F.R.D. 63, 65 (E.D.Pa.1981).

However, the liberality with which we have frequently allowed amendments cannot serve as a predicate to permit litigation of an issue twice foreclosed. To hold otherwise would

invite disregard of procedural requirements in all of the Rules, cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation. Worse, the Rules' articulated purpose of securing the "just, speedy and inexpensive determination of every action" would be reduced to an empyrean principle with no practical meaning. See Fed.R.Civ.P. 1. Avoiding this undesirable result and encouraging familiarity with federal procedure so that all litigants receive prompt and full consideration impels the conclusion that

defendants' motion be denied. *Consorcio Constructor Impregilo v. Mack Trucks, Inc.,* 497 F.Supp. 591, 594 (E.D.Pa.1980), quoting, *Bank Building & Equipment Corp. of America v. Mack Local 677, Federal Credit Union,* 87 F.R.D. 553, 555 (E.D.Pa.1980).

Accordingly, defendants' motion to amend will be denied. An appropriate order shall issue.