Slip Op. 04-83

UNITED STATES COURT OF INTERNATIONAL TRADE

—————————————————————
:
FORMER EMPLOYEES OF :
QUALITY FABRICATING, INC., :
:
      Plaintiffs, :
: Before:      WALLACH, Judge
: Court No.:   02-00522
      v. :
:
UNITED STATES, :
:
      Defendant. :
:
—————————————————————:

[Defendant's Motion for Reconsideration is DENIED.]

Decided: July 12, 2004

Collier Shannon Scott, (Adam Gordon and John Brew) for Plaintiffs.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Jeanne E. Davidson, Deputy Director, Stephen C. Tosini, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for Defendant.


**OPINION**

**I**
**Introduction**

On July 1, 2004, the court held an in court status conference on Defendant's Revised Motion for Reconsideration of the Court's Evidentiary Ruling or for Leave to Amend Defendant's Answer ("Defendant's Motion") and Plaintiffs' Opposition thereto. ("Plaintiffs' Opposition"). Defendant requested in its Motion that pursuant to USCIT R. 7, 12(a)(1), and 15(a) the court "reconsider its oral finding that Defendant admitted to a fact that is clearly

1

contradicted by the administrative record of this case, the record of proceedings in this Court, and plaintiffs' own statements throughout the course of this litigation. Transcript of Oral Argument held April 13, 2004 ("TR.") at 12:21-13:10." Defendant's Motion at 1. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(d). For the following reasons Defendant's Motion is denied.

## II
## Background

On June 28, 2001, Plaintiffs filed a petition seeking North American Free Trade Agreement Transition Adjustment Assistance ("NAFTA TAA") benefits in accordance with 19 U.S.C. § 2331 (1999).[1] On May 17, 2001, the Department of Labor ("Labor") denied Plaintiffs' petition for certification of eligibility to receive trade adjustment assistance. See Notice of Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 67 Fed. Reg. 35,140, 35,142 (May 17, 2002). Plaintiffs sought judicial review of Labor's decision denying their eligibility for "TAA" benefits. Plaintiffs' First Amended Complaint ("Plaintiffs' Complaint") at ¶ 1.

The parties have filed a number of motions in this matter. On March 14, 2003, the court denied Defendant's first Motion to Dismiss in Former Employees of Quality Fabricating, Inc. v. United States, 259 F. Supp. 2d 1282 (CIT 2003) ("FEO Quality I"). On July 1, 2003, Plaintiffs filed a 56.1 Motion for Judgment on the Agency Record. Defendant did not respond to this motion, however, on August 1, 2003, Defendant filed a Motion for Voluntary Remand in order to "conduct a further investigation and to make a determination as to whether petitioners are

---

[1] Labor registered the petition on July 5, 2001, and designated it Petition #5051.

eligible for certification for worker adjustment assistance benefits." Defendant's Motion For Voluntary Remand at 1. Plaintiffs opposed the voluntary remand and filed an Opposition to the Motion on August 11, 2003. Defendant then submitted a Reply in Support of Its Motion for Voluntary Remand ("Defendant's Reply") on August 22, 2003. As a result of the variance among the issues the court ordered supplemental briefing to ascertain the parties' precise claims on August 27, 2003. On August 28, 2003, Plaintiff filed a Motion to Strike Defendant's Reply claiming that a reply was not permitted under the rules of this court and that the Defendant had failed to ask for leave to file its Reply brief.

The court scheduled oral argument on these three motions for October 30, 2003. Before oral argument was held, however, on October 20, 2003, Defendant filed its second Motion to Dismiss in this matter. In its motion, Defendant claimed that, pursuant to USCIT R. 12(b)(5), the court must dismiss this action because Plaintiffs had failed to state a claim upon which relief can be granted and that the court lacked jurisdiction. See Former Employees of Quality Fabricating, Inc. v. United States, Slip Op. 2004-48 at 5-6, 2004 Ct. Intl. Trade LEXIS 48 (May 11, 2004) (FEO Quality II"). Alternately, Defendant argued that, assuming this court did possesses jurisdiction, no justiciable issue existed because Plaintiffs received the relief they requested; thus, rendering the case moot. Defendant also claimed that Plaintiffs abandoned their original claim when they opposed Defendant's Motion for Voluntary Remand.

The court cancelled the oral argument set for October 30, 2003, in order to permit the Plaintiffs adequate time to respond to Defendant's new Motion to Dismiss. After briefing on the issue concluded, the court ordered oral argument on Defendant's Motion to Dismiss on April 13, 2004. The Plaintiffs opposed dismissal claiming that their Complaint and First Amended

3

Complaint provided proper notice of issues raised in this appeal of Labor's negative determination and that this court has jurisdiction over all claims raised. At the conclusion of oral argument on this matter the court stated that "the defendant's motion is going to be denied. We'll get a decision out fairly quickly doing that." Transcript of Oral Argument held on April 13, 2004 at 32 (lines 23-25). Subsequently, on May 11, 2004, the court issued a written opinion denying Defendant's Motion to Dismiss on the grounds that it had failed to prove that no set of facts remained which would entitle Plaintiff to relief. The court held that the Plaintiffs had given the Defendant fair notice of what their claims were and the grounds upon which they rest and that accordingly, the standards for dismissal under the court's rules had not been met.

Prior to the issuance of the court's opinion, on April 20, 2004, Defendant filed a Motion for Reconsideration, which Plaintiff's opposed. On June 2, 2004, the court ordered that the parties re-file their briefs and add citations from the transcript from oral argument held on April 13, 2004. See Former Employees of Quality Fabricating, Inc. v. United States, Court No. 02-00522 (order dated June 2, 2004). The parties timely re-filed their briefs in accordance with the court's Order.

### III
### Arguments

Defendant claims that the Court made a finding that it admitted to a fact that is "clearly contradicted by the administrative record of this case, the record of proceedings in this Court, and plaintiffs' own statements throughout the course of this litigation. Transcript of Oral Argument held April 13, 2004 ("TR.") at 12:21-13:10" and that this finding should be reconsidered. Defendant's Motion at 1. Alternatively, Defendant argues that should the court not reconsider its

4

"finding," the Court should allow it to amend paragraph nine of its Amended Answer "to avoid any ambiguity and to conform to the undisputed facts of the record." Id.

Plaintiffs oppose Defendant's Motion and argue that Labor has mistakenly characterized the court's comments during oral argument regarding paragraph nine and Defendant's admission as an evidentiary holding. It argues that, in effect, Labor is suggesting that "the Court somehow ruled, notwithstanding the record evidence, that Labor issued a negative determination of certification as a secondarily-affected worker group." Plaintiffs' Opposition at 3. It claims that the Defendant's assertion is contrary to the Court's comments and discussion at the April 13, 2004, oral argument and should not be accepted.

Plaintiffs also claim that they have never argued that Labor issued a negative determination of eligibility as a group of secondarily affected workers and that "[g]iven the nature and scope of the discussion that transpired, reconsideration is neither required nor warranted." Plaintiffs' Opposition at 4-5. Alternately, Plaintiffs argue that the Defendant has failed to demonstrate that justice requires that its Amended Answer be amended and that as written, and that the undue delay in moving to amend, coupled with the futility of the Defendant's Motion and resulting prejudice to the Plaintiffs, supports its denial.

**IV**
**Applicable Legal Standards**

**A**
**Motion for Reconsideration**

The decision to grant or deny a motion for reconsideration or rehearing lies within the sound discretion of the Court. See Union Camp Corp. v. United States, 21 CIT 371, 372 (1997); Kerr-McGee Chem. Corp. v. United States, 14 CIT 582, 583 (1990). "Reconsideration or

rehearing of a case is proper when 'a significant flaw in the conduct of the original proceeding [exists],' Kerr-McGee, 14 CIT at 583, such as '(1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case, and must be addressed by the Court.'" United States v. Inn Foods, Inc., 276 F. Supp. 2d 1359, 1360-61 (CIT 2003) (citations omitted).  In ruling on a motion for reconsideration, the Court's previous decision will not be disturbed unless it is "manifestly erroneous." United States v. Gold Mountain Coffee, Ltd., 8 CIT 336, 337 (1984).

**B**
**Amendment of a Pleading**

The court has the discretion to grant or deny a motion for leave to amend a pleading under Rule 15(a).  Pleadings include complaints, answers, replies to counterclaims, and answers to cross-claims. USCIT R. 7(a); Dal-Tile Corp. v. United States, 23 CIT 631, 636 (1999). Pursuant to USCIT R. 15(a),[2] once responsive pleadings have been served, a party may amend its pleadings "only by leave of court or by written consent of the adverse party; and leave shall be

---

[2]  USCIT R.15(a) regarding amended and supplemental pleadings states that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been noticed for trial, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

6

freely given when justice so requires." See Dal-Tile Corp., 23 CIT at 636. The Supreme Court has stated that leave to amend should be "freely given," absent any "apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc. . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (emphasis added).

## V
## Discussion

### A
### Defendant's Motion For Reconsideration

Defendant requests that the court reconsider what it characterizes as an "evidentiary holding." Specifically at issue are comments made by the court concerning Plaintiffs' Opposition to Defendant's Motion to Dismiss, Plaintiffs' Complaint at paragraph nine, and Defendant's Answer to First Amended Complaint ("Defendant's Answer").

Plaintiffs' Complaint at 3 states that:

> 9.      On or about May 9, 2002, the DOL issued a negative determination regarding eligibility in response to the above petition, denying the Plaintiffs eligibility for trade adjustment assistance under Section 223 of the Trade Act of 1974, 19 U.S.C. § 2273. The determination was published in the Federal Register on May 17, 2001. See Notice of Determinations Regarding Eligibility To Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance, 67 Fed. Reg. 35,140, 35,142 (May 17, 2002).

The Defendant's Answer at 2 regarding paragraph nine simply states:

> 9.      Admits.

Defendant claimed in its brief that it is asking the court to reconsider what it characterizes as a finding that Defendant "admitted to a fact that is clearly contradicted by the administrative

7

record of this case, the record of proceedings in this Court, and plaintiffs' own statements throughout the course of this litigation. Transcript of Oral Argument held April 13, 2004 ("TR.") at 12:21-13:10." Defendant's Motion at 1. Defendant claims that "[a]t the oral argument held on April 12, 2004, the Court indicated that our answer to paragraph nine of the amended complaint operated as an admission that Labor had denied plaintiffs' petition for adjustment assistance benefits as: (1) primarily affected workers pursuant to 19 U.S.C. § 2273; and (2) secondarily affected workers pursuant to WIA."[3] Defendant's Motion at 5. The portion of the oral argument

---

[3] As the court explained in FEO Quality II, the Joint Training Partnership Act ("JTPA"), 29 U.S.C. §§ 1662 et seq. (1994 & Supp. IV 1998), was repealed effective July 1, 2000, by the Workforce Investment Act of 1998 ("WIA"), Pub. L. No. 105-220, § 199(b)(2), 112 Stat. 1059-60. Slip Op. 2004-48 at 12 n.5. Neither the repeal nor the provisions of the Workforce Investment Act ("WIA") are at issue in this litigation. The court explained in FEO Quality II that the provisions of the JTPA as the progenitor of the WIA contained provisions that were fundamentally different from the Trade Act of 1974 from which this litigation arises. Rather the JTPA provides the source for funding of secondary affected worker groups. The court explained that:

> The provisions relating to the JTPA did not deal with any of the substantive aspects for requirements relating to petitions, worker eligibility, or notice. Rather, the JTPA focused on funding benefits once eligibility is determined. This is in direct contrast to the Trade Act of 1974, which explains the substantive analysis that Labor is required to make when certifying secondarily-affected workers. See Plaintiff's Response at 5-6, Exhibits 2A. Title 19 contains specific substantive elements such as petition requirements, pursuant to 19 U.S.C. § 2271; group eligibility requirements, pursuant to 19 U.S.C. § 2272; determinations by the Secretary of Labor, pursuant to 19 U.S.C. § 2273; and program benefits, pursuant to 19 U.S.C. §§ 2291. See Plaintiff's Response at 6, Exhibits 2A, 2B. There are no references to the source of funding for secondarily-affected workers within these provisions, and they cannot be construed as containing a source of funding. As noted above, the JTPA did not provide information regarding petition requirements, certification, notice and eligibility for benefits for secondarily-affected workers. The JTPA, accordingly, could not be construed as the source for an entitlement of benefits.

Id. (footnote omitted).

8

that Defendant cites to in its Motion for Reconsideration is quoted from the Transcript of Oral Argument below. The court, quoting from the Plaintiffs' brief states:

> Plaintiff says in its opposition on Page 4 that it alleged in - - they alleged in their first amended complaint at Paragraph 9 at Pages 2 to 3 that on or about May 9, 2002 the Department of Labor issued a negative determination regarding eligibility in response a petition denying the plaintiff's eligibility for adjustment assistance under Section 223 of the Trade Act of 1974. The determination was published in the Federal Register on May 17, 2001. Plaintiff says "These paragraphs describe the filing of the petition which sought both primary and secondary certification and publication of the notice that the petition as a whole had been denied."
> *Plaintiff then says "Defendant admitted these factual contentions are true" in his answer to the defendant's first amended complaint Paragraph 6 and 9, and I looked at 6 and 9 and indeed you do admit them.*
> *Does defendant now seek to withdraw any portion of its answer?*
>
> *Mr. Tosini:     To the extent that our answer could be construed as admitting that the plaintiffs were denied benefits as secondarily affected workers, yes, we withdraw that admission.*
>
> *The Court:     You can't withdraw it, Mr. Tosini. You can make a motion to withdraw it.*
>
> Mr. Tosini:     We make an oral motion to withdraw, or if the Court would prefer we may make a written motion as well.
>
> The Court:     Let me ask Mr. Gordon. Hang on a second.
>      Mr. Gordon, when the Government makes a motion to withdraw the admission in its answer, do you intend to oppose that motion?
>
> Mr. Gordon:     Yes, Your Honor, I think it's safe to say we would vigorously oppose that motion and any type of motion similar to that that seeks to fundamentally renovate the entire case to date.

Transcript of Oral Argument held April 13, 2004 at 12 (lines 15-25)-13 (lines 1-22) (emphasis added).

Defendant asked that the court reconsider its "evidentiary holding." The court, however, made no evidentiary holding. The court ruled from the bench that it would not permit the

9

Defendant to orally withdraw paragraph nine of its Amended Answer. Defendant apparently believes that the court made a finding by quoting from the Plaintiffs' brief, the Plaintiffs' Complaint at paragraph nine and the Defendant's Answer to the First Amended Complaint at paragraph nine. The court's sole question to Defendant was whether the Defendant wished to withdraw a portion of its answer, to which the Defendant replied that "[t]o the extent that our answer could be construed as admitting that the plaintiffs were denied benefits as secondarily affected workers, yes, we withdraw that admission." Transcript of Oral Argument at 13 (lines 7-10). The court then instructed counsel that it could not unilaterally withdraw a portion of its Answer and would need to file a motion if it intended to withdraw as Plaintiffs' opposed the withdrawal.

The Court orally denied Defendant's Motion to Dismiss and informed the parties that it would explain its reasoning in a written opinion, FEO Quality II. The court declines to reconsider its Opinion.

**B**
**Defendant's Motion to Amend its Amended Answer**

Defendant alternately requested that the court permit it to amend paragraph nine of its Answer in order to avoid any ambiguity and to "reflect facts clearly contained in the record of the challenged determination and admitted by plaintiffs' counsel." Defendant's Motion at 9.

Leave to amend a pleading before this court is "freely given when justice so requires." USCIT R. 15(a). However, it is incumbent upon the movant to provide adequate reasons for its delay and the requested amendment. See Te-Moak Bands of Western Shoshone Indians of Nevada v. United States, 948 F.2d 1258, 1263 (Fed. Cir. 1991). The Supreme Court in Foman,

371 U.S. at 182, explained that before a district court grants or denies a motion to amend the pleadings, the court should examine any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of [the] amendment, etc. . . ." Accordingly, the court examines the Foman balancing factors in reaching its decision.

**1**
**Undue Delay**

Defendant bears the burden of justifying its requested amendment. See Te-Moak, 948 F.2d at 1263. Its request to amend its Answer at this point in the litigation is problematic. A recitation of its filings to date before the court illustrates the confusion and delay the Defendant's erroneous filings or failure to file have caused in this matter. Initially, Defendant filed a Motion to Dismiss on October 3, 2002, claiming that the statute of limitations barred Plaintiffs from seeking relief. After Plaintiffs' counsel responded, Defendant failed to file a timely Reply on its own motion. Realizing its error days before oral argument it filed its Reply brief out of time which did not reach the court in time for the oral argument set on its Motion to Dismiss. The court, however, permitted Defendant to orally Reply and denied its Motion for Leave to file its reply brief out of time as moot. See FEO Quality I, 259 F. Supp. 2d at 1288 n. 11; FEO Quality Fabricating, Inc. v. United States, Court No. 02-00522 (Order signed on February 19, 2003). Subsequently, Plaintiffs filed a 56.1 Motion for Judgment on the Agency Record on July 1, 2003. Defendant failed to respond to the Motion, its response was due on July 31, 2003, thus, leaving Plaintiffs Motion unopposed. The day after its Response to Plaintiffs 56.1 Motion was due, on

11

August 1, 2004, Defendant filed a Motion for Voluntary Remand, which Plaintiffs opposed on August 11, 2003. Defendant then filed a Reply brief to its Motion for Voluntary Remand, on August 22, 2003, which because it was a non-dispositive motion, was not permitted under the court's rules. Plaintiffs, therefore, filed a Motion to Strike Defendant's Reply on August 28, 2003. Because of the confusion in claims, issues, and filings, the court ordered supplemental briefs to clarify what precisely was at issue in this case. After the supplemental briefs were filed, the court set oral argument on Plaintiffs' 56.1 Motion, Defendant's Motion for Voluntary Remand and Plaintiffs' Motion to Strike. Ten days before oral argument on these three motions, however, Defendant filed a second Motion to Dismiss requiring that the court cancel oral argument in order to permit Plaintiffs' sufficient time to respond to the Defendant's second Motion to Dismiss. Now in its Motion for Reconsideration it requests that it be permitted to amend its Answer.

At some point in the course of litigation the court must acknowledge that an unjustifiable delay preceding a motion to amend "goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive." See Te-Moak, 948 F.2d at 1262-63 (quoting Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1025 (5th Cir. 1981)). In this case, the Court finds that Defendant's delay in bringing its proposed amendment is inexcusable. Defendant has been less than conscientious in its filings before this court and its actions or lack thereof have impeded the progress of this case. When delay occurs, the court places the burden to justify the request for an amendment on the movant. See Te-Moak, 948 F.2d at 1263. As the court in FEO Quality II explained, Plaintiffs gave Defendant sufficient notice of the challenged determination. Plaintiffs' Amended Complaint is concise and put the Defendant on notice of its claims. Defendant failed

12

to respond to Plaintiffs 56.1 Motion for Judgment on the Agency Record. Had the Defendant any legitimate questions about the scope of Plaintiffs' Amended Complaint, that issue could have been resolved at any time in the past year by a Motion for a More Definite Statement. While there is no indication of bad faith on the part of the Defendant, nonetheless the filings to date bear the hallmarks of tactics of delay.

Defendant further states in its motion that "amendment will not cause undue delay because the parties are pursuing this case upon the premise that Labor certified the plaintiffs as eligible to apply for adjustment assistance as adversely affected secondary workers." Defendant's Motion at 9. The Defendant's proposed amendment states:

> Admits the allegations contained in paragraph nine of plaintiffs' first amended complaint to the extent established by the administrative record, which is the best evidence of its contents. Avers that the Secretary of Labor determined that the plaintiffs are eligible to apply for adjustment assistance as an adversely affected secondary worker group and that review of this adversely affected seworker group is not subject to the Court's jurisdiction.

Defendant's Motion at 2.

The court in FEO Quality II, determined that this court has jurisdiction over secondarily affected worker group claims. Pursuant to the law of the case doctrine, when a court decides upon a rule of law, that decision continues to govern the same issues in subsequent phases of the case, see Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983), the Defendant's proposed emendation relating to jurisdiction has been decided. If Defendant had wished to challenge that finding, a motion for reconsideration would have been the appropriate motion.

Furthermore, Defendant's claims that the parties are pursuing this case upon the premise

13

that Labor certified the plaintiffs as eligible to apply for adjustment assistance belies the fact that the claims the parties made in their filings before this court were so disparate the court ordered supplemental briefing in order to determine precisely what was at issue.[4] Plaintiffs point out that they have requested proper notice of certification for secondary benefits and all benefits to which they would have been entitled had proper notice issued. They argue that as more time passes it will be "increasingly difficult to determine the benefits that should flow to each plaintiff, and it becomes increasingly likely that other problems will arise similar to those in Former Employees of Tyco Electronics Fiber Optics Division v. United States, Slip Op. 2004-34, 2004 Ct. Int'l Trade LEXIS 33 (April 14, 2004)." Plaintiffs' Opposition at 12-13 (explaining that even though the plaintiffs were certified by Labor for benefits, the Plaintiffs in Tyco were informed by the state agency responsible for administering the NAFTA-TAA benefits that Plaintiffs would not receive basic trade readjustment allowances because the statutory 104-week eligibility period for those allowances had expired during the pendency of this litigation before the CIT). The court is mindful that there has been too much delay in this case already.

**2**
**Undue Prejudice**

Defendant says that its proposed amendment would "aid the Court in reaching a decision upon the merits of this case." Defendant's Motion at 9. Plaintiffs claim that they would be unduly prejudiced by amendment to Defendant's Answer. They claim that during the eight months between the time the issue of the court's jurisdiction arose and when Labor sought to

---

[4] On August 27, 2003, the court ordered that, because it required additional information to resolve issues raised in Plaintiff's Opposition to Defendant's Motion for Voluntary Remand, it required Plaintiffs and Defendant to file supplemental briefs addressing the disparity in their claims.

amend its answer Labor treated the court's jurisdiction as central to its legal defense and it has been extensively briefed. Furthermore, Plaintiffs claim that "the QFI workers were certified as a group of secondarily affected workers, and that instead of properly notifying the workers, Labor instead published a notice in the Federal Register that incorrectly informed the public that the Petition as a whole had been denied." Plaintiffs' Opposition at 5. During the in court status conference held on this motion, Defendant agreed with this characterization of the case.

The matter before the court is ripe and ready for determination and any additional time consumed by adjudication of this motion materially prejudices the Plaintiffs by further delaying and complicating their receipt of benefits. As the party opposing the motion, Plaintiffs may show undue prejudice through an unfairly disadvantaged or deprived of opportunity to present facts or evidence which it would have offered had the amendment been timely. See Dal-Tile Corp, 23 CIT at 638; see also Ford Motor Co. v. United States, 19 CIT 946, 955-56 (1995). Plaintiffs may also show undue prejudice as a result of the fact that the amendments that the movant proposes substantially change the theory of the case or would make trial far more complicated and lengthy for the plaintiff, and that the added time and expense that would have to be incurred countering those new claims could be considered an appropriate prejudicial basis for denying a motion to amend. Dal-Tile Corp., 23 CIT at 639.

The Plaintiffs should not have to expend time and resources to re-brief their case on what is currently an unopposed motion. The expenditures and the potential alteration of Plaintiffs' theory of the case at this point in litigation can only be viewed as prejudicial to the Plaintiffs.

Because the Court finds undue delay and undue prejudice sufficient grounds on which to deny Defendant's Motion for Reconsideration of the Court's Evidentiary Ruling or for Leave to

15

Amend Defendant's Answer, the Court does not address the futility of Defendant's proposed emendation, an amendment that would contradict the court's finding in <u>FEO Qaulity II</u>, that the court had jurisdiction over secondary worker group determinations made by Labor.

**VI**
**Conclusion**

For the foregoing reasons, Defendant's Motion is Denied.

   /s/   Evan J. Wallach   
Evan. J. Wallach, Judge

Dated: July 12, 2004
      New York, New York